FILED
SUPERIOR COURT
OF GUAM

2022 FEB 16 PM 4: 49

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE ) <br><br> OF ) <br><br> AUGUSTO GUTIERREZ, ) <br><br> DECEASED. ) | PROBATE CASE NO. PR0063-76 <br><br> **DECISION AND ORDER RE:** <br> **PETITION FOR CONFIRMATION OF** <br> **COMMUNITY PROPERTY** |

## INTRODUCTION

This Probate matter began over forty-five (45) years ago, on June 10, 1976, when heir James C. Gutierrez ("James") filed a Petition for Special Letters of Administration of this estate. Although the Court has previously observed the lack of any substantial progress of the probate of this estate over the last four decades in its 2015 *Decision and Order Re. Proposed Petitions for Final Distribution* (May 13, 2016), the delay occasioned by the continued contentious nature of these proceedings merits further discussion, particularly in light of the Petition for Confirmation of Community Property (the "Petition") currently before it.[1]

The original heirs of this estate included James, Decedent's spouse Engracia M. Gutierrez ("Engracia") and Decedent's other children Jane Gutierrez Maanao ("Jane"), Alvin D. Gutierrez ("Alvin"), Charles C. Gutierrez ("Charles"), Thomas A. Gutierrez ("Thomas") and Barbara G. Leon Guerrero ("Barbara"). Since the filing of the original Petition for Special Letters, several

---

[1] The Court's predecessor assigned to this matter also expressed its concerns with the delays occasioned by the administrators during a status hearing on November 5, 2009 and ordered the co-administrators Barbara and James to file accountings with the Court, among other actions. *Status Hearing of 11/05/2009* at 10:58:22 AM to 11:09:22 AM (Nov. 05, 2009).

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 1 of 13

original heirs have passed away, including Engracia, both co-Administrators Barbara and James and Alvin and Jane. The current successor administrator is Kenneth J. Gutierrez, son of James and grandson of the Decedent. *Pet. for Letters of Admin. as Successor to James C. Gutierrez* (Dec. 31, 2020); *Order Appointing Successor Administrator to James C. Gutierrez* (Dec. 2, 2021). Counsels in this matter include Attorney F. Randall Cunliffe for Estate Administrator Kenneth and Attorney Raymond Haddock for Petitioner Lemeral Camacho ("Petitioner" or "Lemeral").[2]

Between 2013 and 2021, this Court has ruled on several disputes between the heirs, mostly involving disputes over who shall serve as administrator of the Estate, but including challenges to the validity of a prior map of the Estate which has since been nullified,[3] the failure of prior co-administrators to make an accurate accounting of rents due to the Estate, and the First and Final Account and Report of Co-Administrator and Petition for Its Settlement, for Allowance of Fees and Costs and For Final Distribution (Nov. 23, 2015).[4] In its *Findings of Facts and Conclusions of Law Re. Objection to Distribution* ("FFCL Re. Objection" or "March 2019 FFCL"), the Court found that Jane was entitled to a distribution of the Estate Property because a piece of real property deeded to her by Augusto and Engracia did not constitute an advancement of her interest in the Estate Property. *FFCL Re. Objection* (March 1, 2019). The Court also identified the Estate Property to include the following:

1. Lot No. 23-2E-1, Agana Heights, Guam
2. Lot No. 23-2-R3-W, Agana Heights, Guam

[2] Attorney John C. Terlaje previously represented Co-Administrator Barbara Leon Guerrero, however, upon her death he was discharged as counsel. *Order Granting Mot. to Withdraw as Counsel of Record for Co-Administrator Barbara Leon Guerrero* (March 8, 2021).
[3] Order Re: Map (Jan. 26, 2015) nullifying the map filed at the Department of Land Management, Government of Guam under Instrument No. 797782 and reinstating the map recorded on the 18th day of October, 2002 under Instrument No. 664392A as the legal map of the Estate Properties.
[4] Decision and Order Re. Proposed Petitions for Final Distribution (May 13, 2016).

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 2 of 13

3. Lot No. 46-New-4-5A-R2, Agana Heights, Guam

4. Lot No. 46-New-4-5A-2, Agana Heights, Guam and

5. Lot No. 46-New-4-5A-1, Agana Heights, Guam

(the "Estate Property") *FFCL Re. Objection* at ¶ 5.

Lemeral now brings this Petition seeking an Order of this Court confirming that the Estate Property is *not* property of the Estate of Augusto Gutierrez after all, but rather, is the property of the Estate of Engracia Matanane Gutierrez.[5] *Pet. for Confirmation of Comm. Property* (Feb. 3, 2021). Kenneth filed his Objection to Petition for Confirmation of Community Property on March 15, 2021, and Lemeral filed her Reply to Opposition on April 8, 2021. On April 12, 2021, Kenneth filed a Submission of Deed. On November 18, 2021, this Court held a hearing on the Petition for Confirmation of Community Property. Present at the hearing were Kenneth Gutierrez with Counsel, Lemeral Camacho with Counsel and several heirs including Joey Leon Guerrero (son of Barbara), Tom, Charles and Arnold Maanao (Jane's heir).

Having reviewed the record and relevant law, the Court now issues this Decision and Order **DENYING** Lemeral Camacho's Petition.

## DISCUSSION[6]

I. **Petitioner Previously Sought Distribution Pursuant to Intestate Succession of Decedent's *Separate* Property.**

For over five years, Lemeral Camacho has argued that the Estate Property consists of the five pieces of property which should be distributed to all heirs, including "the children of Jane Gutierrez . . . as required by Guam Code Annotated, Title 15, Chapter 9." See *Entry of Appearance and Objection to Petition* (April 13, 2016). In her April 2016 objection to then Co-

---

[5] *In the Matter of the Estate of Engracia Matanane Gutierrez and Alvin Don Gutierrez,* Superior Court of Guam Probate Case No. PR0193-18. Lemeral is the Administrator of the Estate of Engracia and Alvin.

[6] Except as may be clarified herein, the Court incorporates its Findings of Fact as previously set forth in Paragraphs 1 through 20 of its March 2019 FFCL Re. Objection.

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 3 of 13

Administator James Gutierrez's First and Final Account and Report of Co-Administrator and Petition for Settlement, Lemeral stated that "the heirs of the estate include the children of Jane Gutierrez and [James] failed to make an equal or any distribution, to them *as required by Guam Code Annotated, Title 15, Chapter 9*." *Id.* (Emphasis added). Title 15, Guam Code Annotated, Chapter 9 addresses the intestate "succession to Separate Property" of a decedent. Specifically, Petitioner argued that Augusto and Engracia's *inter vivos* deed to Jane of Lot No. 46-NEW-4-2A, Sinajana, Guam in 1969 was not an "advancement" nor did she waive any interest in the Estate, and, therefore, "the assets of the estate of Augusto Gutierrez should be distributed *pursuant to Guam's law on intestate succession 15 GCA § 901 et seq.* [Succession to Separate Property]." *Reply to Responses Filed by Administrators* at pp. 2 – 3 (Nov. 4, 2016)(emphasis added). The provisions governing the succession to community property are found in Title 15, Guam Code Annotated, Chapter 10 ("Succession to Community Property").

Now, for the first time since her appearance in 2016, Lemeral seeks an order of this Court confirming that the property is not Augusto's separate property, but community property of Augusto and Engracia and, thus, "no probate of Augusto's estate is necessary." *Petition* at ¶ 5. Lemeral does not provide the Court any reason for the nearly five year delay in asserting that this forty-five year old probate was no longer necessary. Instead, Petitioner sought the assistance of the Court in the instant Probate to declare that Jane continued to have a right to distribution of Augusto's separate estate, which included the five Estate Properties.

Petitioner, as a successor heir to Jane's interests in Augusto's estate, clearly benefitted from the Court's March 2019 FFCL, which found that Jane did not waive her right to her statutory share of the distribution of Augusto's Estate Property "pursuant to Title 15 of the Guam Code Annotated, *Chapter 9*." Id. at ¶ 11 (emphasis added). Lemeral did not object to nor seek

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 4 of 13

amendment of any of the Court's findings or rulings as set forth therein, including the finding that the five properties are the separate property of Augusto. *Id.* at ¶ 8. During the hearing on the instant Petition, when asked by the Court whether the Community Property Affidavit filed by Engracia was ever presented to Judge Barrett-Anderson in the decade after it was filed in 2002, Petitioner's counsel responded that he had not researched whether the issue had been previously addressed and relied only upon the fact that Engracia filed it prior to her death that same year.[7]

At no time, including in Lemeral's current Petition, was the Court asked to review its 2019 FFCL based on newly acquired information or evidence, which arguably should have been found by a simple title search on the property conducted as a standard practice of due diligence. Additionally, the time for appeal of the Court's March 2019 FFCL identifying Estate Property as the separate property of Augusto's estate has long lapsed and any appeal now would be dismissed as untimely. See, G. R. App. 4(a)(1); *Synap v. Cyfred, Ltd.,* 2008 Guam 10 ¶ 10 (when a party fails to comply with the 30-day window for filing a notice of appeal, dismissal is mandatory). On this basis alone, the Court may DENY the Petition; nevertheless, the Court will proceed to consider the substance of Lemeral's claim that the Estate Property is community property of Augusto and Engracia.

## II.    The Court Finds that the Property Is Not Community Property.

As discussed above, since her first appearance in this case, Lemeral has consistently sought distribution of Estate Property to Jane's heirs pursuant to the provisions regarding the succession to the *separate property* of Decedent Augusto Taitano Gutierrez, and not subject to

---

[7] COURT: And at no time during the pendency, from 1976 until the filing of, Mr. Haddock, your petition, was the issue of whether or not the property was community property ever raised before Judge Barrett-Anderson?
MR. HADDOCK: Umm, your Honor, I'm not quite…I'm not sure. I haven't researched that in regards to the docket. However, um, Engracia did file with Land Mangaement a Petition,  or an Affidavit of Transfer of Community Property during her lifetime. *Hrg. of 11/18/2021* at 3:01:16 PM to 3:01:56 PM (Nov. 18, 2021).

*In re Estate of Augusto Gutierrez;* PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 5 of 13

Title 15, Chapter 10, Succession to Community Property, as it now seeks. The sole basis for the Petitioner's claim that the Estate Property is community property is that Engracia was Decedent's "surviving spouse" and because the Estate Property "was acquired by the Decedent while married to Engracia Gutierrez" pursuant to the Administratrix Deed, the Estate Property was held by the couple as community property. Pet. at ¶¶ 5, 6; Ex. B. The mere fact that the Decedent and Engracia were married at the time the property was deeded to Augusto in 1950 is simply not determinative of the status of the property.

As evidence of her claim that the entirety of Augusto's estate is community property, Petitioner submits Exhibit A to her Reply To Opposition, Document No. 654113, dated March 28, 2002, in the Department of Land Management, Government of Guam, entitled "Affidavit of Passage of Community Property to Surviving Spouse Without Administration". This document declares as follows:

> At the time of the death of my spouse, Augusto T. Gutierrez, we had acquired during the course of our marriage, the following described real and personal properties to wit:
> Lot No. 23-2E-1, Municipality of Agana Heights, Guam.
> A copy of the map is attached hereto and incorporated herein as exhibit C.

Ex. B to Petition. No map was attached for the Court's review.

Although Petitioner's Affidavit only claims Lot No. 23-2E-1, Municipality of Agana Heights, Guam as community property, Petitioner asserts that "as all the properties in this matter are covered by the same [1950] deed, the affidavit [of passage of community property] filed creates a cloud on the entire Estate if not divesting any interest the estate has in the property." Reply at 3. Even if the Court assumes that Lot No. 23-2E-1 is community property as set forth in Engracia's Affidavit, Petitioner does not provide any factual basis or legal authority for such reach beyond Lot No. 23-2E-1.

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 6 of 13

On the contrary, the Petitioner erroneously asserts that all of the Estate Property is community property simply because they were acquired during the marriage of Augusto and Engracia. Petition at ¶ 6 ("the aforementioned property was acquired by the Decedent while married to Engracia Gutierrez pursuant to deed attached as Exhibit B"); Reply to Opp. at p. 4 ("The Court should confirm the passage of [the Estate property] as the community property of the Augusto Gutierrez and Engracia Gutierrez and its passage to the Estate of Engracia as all the lots were purchased by the deceased during his marriage to Engracia Gutierrez and no evidence to the contrary has been produced to rebut the presumption."). Petitioner does not provide any agreement between the couple that the property would be held either as separate or community property and the Deed does not provide any support for this claim.

The Guam Supreme Court addressed a similar (if not reverse) issue in *Sablan v. Sablan*, 2017 Guam 3. There, the husband argued that certain real property which he obtained during the marriage of the parties in 1990 was not community property because, although it was deeded to him and his former wife "as husband and wife," this resulted in a tenancy in common, rather than community property. Rejecting this argument, the Guam Supreme Court found that "while pre-1980 deeds which convey property to grantees as 'husband and wife' without specifying the type of tenancy are subject to the presumption that the spouses hold the property as tenants in common, post-1980 deeds are subject to the presumption of community property." *Sablan v. Sablan*, 2017 Guam 3, ¶ 26 (Guam June 16, 2017).

Thus, the Guam Supreme Court, discussing the evolution of Guam's community property laws, has pronounced that prior to 1980, property held by spouses was presumptively held as tenants in common, *not* as community property. *Id.* In so ruling, the Guam Supreme Court acknowledged that Guam's community property laws, which were based upon California's then-

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 7 of 13

existing community property laws were not changed to follow the amendments later enacted in California, including treating joint tenancy property as community property for the purposes of division in a dissolution of marriage case. In this regard, the Guam Supreme Court observed:

> Although in 1953 Guam enacted its community property laws borrowing from California's then-existing community property statutes, compare Guam Civ.Code §§ 161–164 (1970) with Cal. Civ.Code §§ 161–164 (1941), several amendments have since been made to the California statutes that have *not* been adopted in Guam. *This includes the 1965 provision added to California Civil Code section 164 that treats joint tenancy property as community property* for purposes of dividing such property upon divorce. Instead, in 1980, the Guam Legislature through Public Law 15–113 repealed its community property statutes and reenacted them with several changes, including the addition of the language now found in 19 GCA § 6101(a)(8), which states: "Separate property means: ... each spouses's undivided interest in property owned in whole or in part by the spouses as co-tenants in joint tenancy or as co-tenants in tenancy in common." 19 GCA § 6101(a)(8) (emphasis added). Thus, while there is a rebuttable statutory presumption that property acquired by either spouse or both spouses during marriage is community property, 19 GCA § 6105(a) (2005), *the Guam Legislature has specifically classified as separate property a spouse's interest in joint tenancy property*.

*Babauta v. Babauta*, 2011 Guam 15, ¶ 24 (emphasis added). Thus, while property acquired during marriage by either husband or wife, or both, is presumed to be community property under 19 G.C.A. § 6105, deeds to "husband and wife" which pre-date 1980 are held by the couple, at best, as tenancies in common, not as community property. Each spouse's undivided interest in property owned in whole or in part by the spouses as co-tenants in joint tenancy or as co-tenants in tenancy in common is that spouse's separate property. 19 GCA § 6101 (a)(8); *Babauta, supra*.

As noted herein, Petitioner's only basis for asserting a claim of community property on behalf of Engracia is the mere fact of her marriage to Augusto at the time he purchased the property (or was granted the deed to the property). As more fully discussed below, nothing in the language of the deed conveyed the property to both of them "as husband and wife" to hold as community property nor has Petitioner produced any written agreement between Augusto and

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 8 of 13

Engracia evidencing an intent to hold the property as community property. See, *Damian v. Damian*, 2015 Guam 12, fn. 2; 19 GCA § 6112(a).

In examining the Recitals to the Deed, nothing in the language of the deed itself suggests that the property was deeded to both Augusto and Engracia. The Deed indicates that there was an agreement between Augusto T. Gutierrez and Tomas Cruz Gutierrez in 1938, to convey the property which is now the subject of the probate to Augusto. It appears that Grantor Tomas Cruz Gutierrez passed away before the property could be transferred pursuant to the agreement between Augusto and Tomas, and, after Maria Gutierrez was appointed administratrix of Tomas's estate in 1950, the Deed conveyed to "Augusto T. Gutierrez, married to Engracia Matanane Gutierrez, party of the Second Part" what is now the Estate Property.

Importantly, the Administratrix's Deed submitted in support of her Petition identifies the Grantee of the Estate Property to be "Augusto T. Gutierrez, married to Engracia Matanane Gutierrez, the party of the Second Part." Ex. B. The Deed does not convey the Estate Property to Augusto and Engracia "as husband and wife." Language of conveyance is significant. See, *Babauta v. Babauta*, 2011 Guam 15, fn. 2 (Record on Appeal ("RA"), Trial Ex. 16 at 1 (Warranty Deed, Oct. 24, 2003) ("GUAM LAND AND REALTY DEVELOPMENT, LTD., ... do hereby grant, bargain, sell and convey unto EVANGELIS J. BABAUTA and ANTONETTE L. BABAUTA, husband and wife, and their heirs, executors, administrators and assigns, as joint tenants with right of survivorship, ... the following real property situated within Guam ...." (emphasis added)). As the Guam Supreme Court stated in *Sablan*, for deeds pre-dating July 1980, unless the spouses have a written agreement to the contrary, the presumption created is a joint tenancy, not community property. Petitioner simply has not established her burden of rebutting this presumption based on the record before this Court.

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 9 of 13

Applying the law of community and separate property as articulated by the Guam Supreme Court in *Damian, Babauta* and *Sablan,* the Court must also determine whether the Estate Property is truly the separate property of Augusto, or if the Estate Property consists of Augusto's interests in the Estate Property as a joint tenant with Engracia. If the Court interprets the Deed to have granted the Estate Property to Augusto without the language also conveying any interest to Engracia, the Estate Property was the sole and separate property of Augusto. Otherwise, it was held as a joint tenant with Engracia.

### III. The Estate Property Consists of Augusto's One-Half Separate Property Interest in the Five Properties as a Joint Tenant.

While the Opposition to the Petition is sparse and based largely upon Petitioner's standing to advance a community property claim on Engracia's behalf and the cost of probating two estates rather than one,[8] during the hearing on the Petition, counsel for James argued that the property was acquired by Augusto in 1938, one year prior to Augusto and Engracia's marriage, when the Deed was given to Augusto but not recorded. *Hrg. on 11/18/21* at 3:02:00 to 3:02:31 (Nov. 18, 2021). However, this allegation is contradicted by the language in the Deed itself which recites that it is an Administratrix Deed "made on the 30th day of November, 1950, between Maria T. Gutierrez, as the duly appointed, qualified and [illegible] administratrix of the estate of Tomas Cruz Gutierrez, deceased, party of the First Part, and Augusto T. Gutierrez, married to Engracia Matanane Gutierrez, party of the Second Part ... ." Exhibit B to the Petition; Kenneth J. Gutierrez's Submission of Deed (April 12, 2021). Thus, the Estate Property was conveyed to and Augusto's ownership of the property arose through the 1950 Administratrix

---

[8] The argument that Lemeral lacks standing to assert Engracia's community property interest is contradicted by 15 G.C.A. §1005 which allows someone other than surviving spouses to file Community Property Petitions. In any event, Engracia is purported to have asserted her community property rights by filing the Affidavit prior to her death. 15 G.C.A. §1005(b).

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 10 of 13

Deed, not, as urged by Kenneth, through an agreement to purchase the properties made sometime in 1938. Nor was the Deed given prior to Tomas's death or Augusto and Engracia's marriage.

The character of property is generally fixed at the time of acquisition. *Damian* at ¶ 24 (citing *In re Marriage of Rossin*, 91 Cal. Rptr. 3d 427, 432 (Ct. App. 2009) ("The character of the property as separate or community is fixed as of the time it is acquired; and the character so fixed continues until it is changed in some manner recognized by law, as by agreement of the parties."). In this case, Augusto acquired his interest in the Estate Property after his marriage to Engracia. Applying the holdings in *Sablan, Babauta* and *Damian,* as well as statutory law, the Court must find that, absent an agreement between Augusto and Engracia as to the nature of the property, the presumption is that the Estate Property was held by both Augusto and Engracia, not as community property, but as joint tenants, with each spouse holding an undivided interest in the property as his or her separate property. "Separate property" means each spouse's undivided interest in property owned in whole or in part by the spouses as co-tenants in joint tenancy or as co-tenants in tenancy in common. 19 GCA § 6101(a)(8). Thus, having taken the property as joint tenants, Augusto and Engracia each had an undivided one-half separate property interest in the Estate Property. See 19 GCA § 6101(a)(8); *Baubauta* at ¶ 27. To the extent that this finding clarifies the Court's earlier finding in its March 2019 FFCL as to the nature and character of the five (5) properties in the Estate, the Court amends ¶ 8 of the March 2019 FFCLs.

The Affidavit of Community Property filed by Engracia in 2002 notwithstanding, the five properties identified herein and in the March 2019 FFCLs are not community property of Engracia and Augusto; therefore, Lemeral's Petition is denied. However, Augusto's interest in the Estate Property as his separate property is governed by the law of succession of separate

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 11 of 13

property under 15 GCA § 903 as to his undivided one-half separate property interest in the five lots.

## CONCLUSION

The Guam Supreme Court has held that, for Deeds which pre-date July 1980 such as the one at bar, there is a rebuttable presumption that property acquired by a spouse during the marriage is held by the couple as joint tenants, not as community property. This presumption may be rebutted by proof of a written agreement between the spouses designating the property as either separate or community property. In this case, neither Petitioner nor James provided any evidence of Augusto's or Engracia's intent to hold the property other than as set forth herein.

For these reasons, the Court finds that the Estate Property (that is, all five lots), were held by Augusto and Engracia as joint tenants. Consequently, Augusto's separate property subject to probate is defined as his one-half undivided interest in the Estate Property.

IT IS THEREFORE ORDERED that Lemeral's Petition for Confirmation of Community Property is hereby DENIED.

IT IS FURTHER ORDERED that the Affidavit of Passage of Community Property To Surviving Spouse Without Administration filed by Engracia Gutierrez on May 28, 2002, at the Department of Land Management, Government of Guam under Document No. 654113 is hereby nullified and void.

//

//

//

//

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 12 of 13

IT IS FURTHER ORDERED that the Administrator of the Estate shall file his Petition for Final Distribution seeking distribution of the Estate Property as set forth herein within ninety (90) days of the issuance of this Decision and Order.

SO ORDERED this **FEB 1 6 2022**　　　　　　　　　.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

*In re Estate of Augusto Gutierrez*; PR0063-76
Decision and Order re. Petition for Confirmation of Community Property
Page 13 of 13